MARY R. BARBEE v. ROGERS J. BARBEE

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 70099

Memorandum filed January 5, 1948.

*David J. McCoy*, of New Haven, for the Plaintiff.

ALCORN, J. The plaintiff seeks a decree of divorce for fraudulent contract, intolerable cruelty and adultery. The claim of intolerable cruelty was not pressed at the hearing and evidence was offered only in support of the claims of fraudulent contract and adultery.

The evidence of adultery consisted in the plaintiff's testimony, in substance, that she had heard from third parties that her husband had married another woman, supplemented by the offer of a certificate from the office of the register of wills and clerk of the Orphans' Court of Berks County, Pennsylvania, reciting the marriage on June 19, 1944, of a man bearing the same name as the defendant and a woman other than the plaintiff. The evidence does not identify the defendant with the man named in the certificate other than by the similarity of name and even if he were found to be the same individual there is no evidence that the marriage certified to was ever consummated or that any relations other than a marriage ceremony ever took place between the parties named therein. To prove adultery by circumstantial evidence, the circumstances must be such as to lead the guarded discretion of a reasonable and just man to the conclusion of guilt. *Neff v. Neff*, 96 Conn. 273, 275; *Zeiner v. Zeiner*, 120 Conn. 161, 165. The evidence in this case does not establish the claimed adultery.

The fraudulent contract alleged in the complaint is that "the defendant represented that he had a clear and honest record, previous to his marriage, whereas, on the contrary, he had served a prison sentence in the Eastern Penitentiary, at Philadelphia, Pa. which criminal record he did withhold from his wife." The evidence in support of that claim is, in substance, that the defendant did have a criminal record at the time of the marriage; that he did not disclose that record to the plaintiff; and that she would not have married him had she known that he had a criminal record. It is unnecessary to set forth the details of the criminal record because no complaint is made of the nature of the record. Fraud, to vitiate a marriage contract, must relate to the very essence of the marriage relation. *Behrmann v. Behrmann*, 110 Conn. 443, 445. It is such a fraud on the part of one of the parties as amounts to "a fraud in the essentialia of the marriage relation". *Lyman v. Lyman*, 90 Conn. 399, 402. As expressed by Judge Hamersley, concurring in the result reached by the court in *Gould v. Gould*,

78 Conn. 242, at page 261: "There must be a deception in respect to some fact whose existence or nonexistence may affect in some certain way the very essence of the marriage relation, resulting in a lawful marriage which practically operates as a fraud upon the deceived spouse; and the existence or non-existence of the fact thus concealed or misrepresented must operate, as between the parties to the marriage, to prevent some essential purpose of marriage and work a practical destruction of that relation."

The circumstances of nondiclosure in this case do not amount to that fraudulent contract which our law defines as a ground for divorce.

A decree of divorce is denied.